HOLLOMAN, APPELLANT, *v.* RUTMAN
WINE CO. ET AL., APPELLEES.

(No. 46241—Decided October 11, 1983.)

*Mr. Robert O'Neill Garnett,* for appellant.

*Mr. Mark V. Weber,* for appellees.

PRYATEL, J. Plaintiff, Alexander Holloman, brought this action for libel[1] based on the contents of a letter[2] terminating his employment with the Rutman Wine Company. A jury returned verdicts for the defendants. We affirm for the following reasons:

The following relevant evidence was adduced at trial. On January 28, 1977, plaintiff punched out of work at about 5:00 p.m. He went to the parking lot, entered his truck and drove it around to the warehouse door. Plaintiff then re-entered the warehouse.

Fred Berk, Rutman's warehouse foreman, testified that he heard a gate in the warehouse click shut at approximately 5:30 or 5:45 p.m. after everyone had punched out. Knowing that no one should have been in the warehouse at that time, Berk turned to see what had caused the noise; he saw plaintiff carrying a sealed box labeled "Duet Cocktails." When Berk questioned plaintiff whether he had a bill or invoice for the merchandise, plaintiff told him not to worry about it, that another employee (Michael Poindexter) had checked him out on the merchandise. Berk responded that that was not the proper procedure for purchasing wine from the company. Plaintiff took the box to his truck and returned to the warehouse several minutes later. He then asked Berk whether there was going to be trouble over the wine, to which Berk replied there would be none so long as he had paid for it and a bill had been made out. At trial, plaintiff stated for the first

---

[1] Originally, plaintiff brought this action against only the Rutman Wine Company. This was later amended to include Fred Berk and Lawrence J. Strack, two Rutman employees.

[2] The letter reads:

"January 31, 1977

"Mr. John J. Felice, Jr.
"Teamsters Local #293
"2070 East 22nd Street
"Cleveland, Ohio 44114

"Dear Mr. Felice:

"On January 28th, Mr. Alex Holloman removed one case of Duet canned cocktails from Rutman Wine Company property without paying for it.

"Therefore, we are dismissing Mr. Holloman from our employment effective today, January 31, 1977.

"Very truly yours,
"RUTMAN WINE COMPANY

"/s/ Lawrence J. Strack
"General Manager
"LJS:ddh
"cc: Mr. B. Goldfarb
    Mr. R. Szucs
    Mr. A. Holloman."

time that the box contained his work shirts. He admitted not telling this to Berk at the time of the incident.

On January 31, 1977, Berk reported these facts to Lawrence J. Strack, Rutman's general manager. After checking all the invoices and finding none made out to plaintiff, Strack concluded that plaintiff had stolen the carton of cocktails. Under the collective bargaining agreement this act warranted plaintiff's dismissal. The collective bargaining agreement also required Rutman to notify the union when it dismissed a covered employee. The letter was sent to John Felice (the local union president), Bernard Goldfarb (Rutman's attorney), R. Szucs (the union steward at Rutman's) and plaintiff.

Plaintiff now appeals the jury verdict citing three assignments of error.

### Assignment of Error No. I

"I. The subject writing was libelous *per se,* as it accuse [*sic*] appellant of being a dishonest employee."

Appellant's first assignment of error is without merit. An employee who becomes a member of a union whose collective bargaining agreement requires written notice of dismissal to the union has consented to written statements within that limit and the employer is protected by a qualified privilege. *Gray* v. *General Motors Corp.* (1977), 52 Ohio App. 2d 348, 351 [6 O.O.3d 396], citing *Joftes* v. *Kaufman* (D.D.C. 1971), 324 F. Supp. 660. The rationale behind this privilege, as set out by this court, is to promote the flow of information between representatives of employers and employees aimed at achieving peaceful resolutions or settlements to problems in the workplace. *Gray, supra,* at 351-352.

In the instant case, only the union local president, the shop steward, the dismissed employee and the company's attorney were sent copies of the letter concerning plaintiff. These persons all had a legitimate job-related interest in receiving the letter; hence, appellees were entitled to assert a qualified privilege. See *Joftes, supra,* at 664.

Appellant's first assignment of error is overruled.

### Assignment of Error No. II

"II. It was prejudicial error for the court to refuse to instruct the jury on the liability of a principal for the acts of an agent carried out for the benefit of the principal, which were within the scope of the agent's express authority."

During its instructions to the jury the court inquired of both counsel whether they had any further requests other than those read by the court. Appellant's counsel requested an instruction based on an agency theory of liability. The court correctly denied this request. Civ. R. 51(A)[3] requires that all requests for instructions be in writing. The rule does not provide for oral requests. Hence, appellant was out of rule and his request correctly denied. See *Anderson* v. *Garfield Hts.* (October 19, 1972), Cuyahoga App. No. 31616, unreported.

Moreover, the failure to give this in-

---

[3] Civ. R. 51(A) reads:

"(A) Instructions; error; record. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies of such requests shall be furnished to all other parties at the time of making such requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The court need not reduce its instructions to writing.

"A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

struction could not have been prejudicial to appellant. Since there was a privilege to make this type of communication, there was no actionable libel. This result would not be changed by the finding of a principal-agent relationship among Rutman and its employees.

Accordingly, appellant's second assignment of error is overruled.

Assignment of Error No. III

"III. Since the defendants admitted that no physical inspection was made to determine the actual contents of the box said to contain the defendant's [Rutman's] property, the defendants had no way of knowing the true contents of the box."

Appellant contends that the verdict was against the weight of the evidence since no inspection was made to determine the contents of the box appellant removed from the warehouse.

Appellant, in this assignment of error, argues that there was no actual determination of what was contained in the box. Having found a qualified privilege on behalf of the appellees to make this communication, we need not reach this question as even a false statement, unless made with knowledge of its falsity or with reckless disregard of whether it was false or not, would be protected. *Hahn* v. *Kotten* (1975), 43 Ohio St. 2d 237 [72 O.O.2d 134].

Accordingly, appellant's third assignment of error is overruled.

*Judgment affirmed.*

CORRIGAN, P.J., and JACKSON, J., concur.